UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO PEREA, individually and on behalf of a class, ) ) ) Plaintiff, ) ) v. ) ) CODILIS & ASSOCIATES, P.C. and ) NATIONSTAR MORTGAGE, LLC, ) ) Defendants. ) | No. 18-cv-07364<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Mario Perea brought this suit against Codilis & Associates and Nationstar Mortgage (for convenience's sake, together referred to as Defendants) alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.[1] R. 1, Compl.[2] Specifically, Perea alleged that Codilis sent him a letter containing false and misleading statements in violation of 15 U.S.C. § 1692e. *Id.* ¶¶ 43-48. Perea also alleged that the letter comprised an "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. *Id.* ¶¶ 49-52. Both Defendants now move to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim under Rule 12(b)(6). *See* R. 14, Nationstar Mot. to Dismiss at 1; R. 19, Codilis Mot. to Dismiss at 1. As

---

[1]This court has subject matter jurisdiction under 28 U.S.C. § 1331.
[2]Citations to the record are noted as "R." followed by the docket number and, where necessary, the page or paragraph number.

discussed in this Opinion, Perea lacks standing to bring the claims, so Defendants' motion to dismiss is granted.

## I. Background

In evaluating this motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in Perea's favor. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). In addition to the allegations in the pleading itself, documents attached to a complaint are also considered part of the complaint. Fed. R. Civ. P. 10(c). Perea is an Illinois resident who defaulted on his mortgage debt. Compl. ¶ 3. After he defaulted, Nationstar, a mortgage loan servicer, began servicing Perea's debt. *Id.* ¶ 21. Nationstar hired the Codilis law firm to collect Perea's debt on Nationstar's behalf. *Id.* ¶¶ 11, 17, 23.

To collect the debt, Codilis sent Perea a letter informing him that he owed $959,995.30. Compl. ¶¶ 24-25, 27; R. 1-1, Exh. B, Collection Letter. The letter also said, "Because of interest, late charge and other charges that may vary from day to day, the amount due on the day you pay may be greater." *Id.* Codilis sent this letter *after* the loan at issue had been accelerated (the importance of this timing is discussed later in the Opinion) and after demands had been made on Perea for the full amount due on the loan. Compl. ¶ 28. Also important: at no time did Perea seek reinstatement of the subject loan, note, and mortgage. *Id.* ¶ 29.

Perea later filed this lawsuit, alleging that Codilis and Nationstar violated Sections 1692e and 1692f of the FDCPA. Specifically, Perea alleged that the Defendants cannot legally impose late fees on his already-accelerated debt (unless he

2

reinstated the loan, which he had not), so the letter is false, misleading, and deceptive. The Defendants now move to dismiss the complaint, arguing that Perea lacks standing to bring the claims, and that (alternatively) he failed to adequately state a claim. *See* Nationstar Mot. to Dismiss at 1; Codilis Mot. to Dismiss at 1.

## II. Legal Standards

A Rule 12(b)(1) motion tests whether the Court has subject-matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. ShoreBank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), whereas a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(1) motion, the plaintiff must establish that the district court has subject-matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2011), *overruled on other grounds*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *Id.*

## III. Analysis

To satisfy Article III's requirement of standing, Perea must show that he suffered an injury-in-fact that is fairly traceable to the conduct of the Defendants and can be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)); *see also*

3

*Casilla v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). An injury-in-fact must be both concrete *and* particularized. *Spokeo*, 136 S. Ct. at 1548. A concrete injury must be "*de facto*; that is, it must actually exist." *Id* (cleaned up).[3] An injury can be intangible, but not every statutory violation by itself is enough. *Id.* at 1549. To determine if an intangible injury's concreteness rises to the level required to satisfy standing, "both history and the judgment of Congress play important roles." *Id.* A "violation of a procedural right granted by statute can be sufficient in some circumstances … [so that] a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* And the *risk* of harm might be concrete enough to meet standing requirements. *Id.* With regard to the "particularized"-injury requirement, the injury must "affect the plaintiff in a personal and individual way." *Id* at 1548.

As a preliminary matter, Perea argues that a plaintiff in an FDCPA case has Article III standing "based *solely* on receiving allegedly unlawful debt collection demands." R. 30, Pl.'s Resp. Br. at 2 (citing cases)[4] (emphasis in original) (cleaned up); *see also* R. 38, Pl.'s Notice Supp. Authority.[5] Not so. As already discussed, a bare

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[4]Perea cites a list of district court cases to support this contention, but none of those decisions are binding and *Spokeo* makes clear that there is no blanket rule that statutory violation equals Article III standing. Absent that blanket rule to rely on, Perea fails to meaningfully engage with the specific facts of those cases or explain how they are similar to his case.

[5]After the close of the motion to dismiss briefing, Perea filed a notice of supplemental authority citing *Hoffman v. Keith D. Weiner & Assoc. Co., L.P. A.*, 2019 WL 1746353 (E.D. Wis. Apr. 18, 2019). But the district court's decision in that case is likewise not binding on this Court.

4

statutory violation is not *necessarily* enough—especially after *Spokeo*—to establish standing. Not all statutory violations are enough to "confer" Article III standing by themselves. *See Spokeo*, 136 S. Ct. at 1549; *see also Casillas*, 926 F.3d at 333 ("[T]he fact that Congress has authorized a plaintiff to sue a debt collector who fails to comply with any requirement of the Fair Debt Collection Practices Act ... does not mean that [a plaintiff] has standing.") (cleaned up).

To establish standing, Perea also alleges that "Defendants misrepresented the amount of the alleged debt [Codilis] is attempting to collect." Compl. ¶ 13. He goes on to allege that "[a]n unsophisticated consumer would believe, upon receiving the Letter mailed to [him], that late fees could be sought and imposed when, in fact, it would not be legal to do so." *Id*. ¶ 48. The problem with this allegation is that it says nothing about how the alleged misrepresentation was concrete and particular to *Perea*. And while Perea alleged that an unsophisticated consumer would be mislead by the letter, he fails to allege, again, that *he himself* was confused or misled by what the letter said.

Applying *Spokeo* to the FDCPA, the Seventh Circuit recently made clear that a bare procedural allegation was not necessarily enough to establish standing. *Casillas*, 926 F.3d at 333. In *Casillas*, a debt collector sent the debtor a letter that described the process that the FDCPA requires for a debtor to obtain verification of a debt, but "neglected to specify that [the debtor] must communicate *in writing* to trigger the statutory protections," as is required under 15 U.S.C. § 1692g. *Id*. at 331 (emphasis added). The Seventh Circuit explained that "[t]he only harm [the plaintiff]

5

claimed to have suffered … was the receipt of an incomplete letter" and concluded that was not enough to establish standing. *Id.* at 331-32. The Court reasoned "no harm, no foul," and explained:

> [The debtor] did not allege that [the debt collector's] actions harmed or posed any real risk of harm to her interest under the Act ... [S]he did not allege that she ever even considered contacting [the debt collector] ... She complained only that her notice was missing some information that she did not suggest that she would ever have used.

*Casillas*, 926 F.3d at 334. The Seventh Circuit went on to say that because the debt collector's mistake did not put the plaintiff "in harm's way, it was nothing more than a 'bare procedural violation.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

Like the plaintiff in *Casillas*, Perea did not "allege that [Codilis'] actions harmed or posed any real risk of harm to his interests under the Act." *Casillas*, 926 F.3d at 334. Perea does not plausibly suggest that *he* was misled by the reference to possible late charges or that he would have acted differently if the letter had used different words. There is nothing in the complaint to suggest that he was harmed or at risk of harm. *Cf. Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1053 (7th Cir. 2019) (holding that where a plaintiff was already in a collection-suit with the defendant, it was reasonable to infer that the plaintiff would have exercised her statutory rights under the FDCPA had the defendant complied with the § 1692g disclosure requirements). Instead, Perea alleges only that an *unsophisticated consumer* would be misled. Compl. ¶ 48. Invoking that allegation on its own to establish standing mixes up the substantive standard for liability under the FDCPA—whether an *unsophisticated consumer* would be confused by a debt-collection letter—with the requirements of Article III standing. As the Seventh Circuit in *Casillas* explained,

6

"The 'unsophisticated consumer' standard is a rule for interpreting a debt-collection letter to determine whether it is misleading ... It is not a rule permitting those who have not been injured to vindicate the rights of those who have." 926 F.3d at 336 n.3 (cleaned up). So whether the hypothetical unsophisticated consumer would be confused does not matter for the standing inquiry, which instead asks whether the *plaintiff* in this case has shown concrete and particularized harm. Perea has not. So he lacks standing to bring this lawsuit.[6]

## IV. Conclusion

For the reasons discussed, the Defendants' motion to dismiss is granted for lack of subject matter jurisdiction.[7]

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2019

---

[6] Because the case must be dismissed for lack of standing, the Court need not get into whether Perea sufficiently stated a claim.

[7] In briefing the motion to dismiss the complaint, Perea did seek leave to amend the complaint if the Court granted the Defendants' motions to dismiss. But Perea did not suggest any possible amendments that would fix the deficiency discussed in this Opinion. Indeed, when confronted with a motion to dismiss on subject matter jurisdiction grounds, the plaintiff would be well advised to assert all arguments—including factual contentions supporting Article III injury-in-fact—rather than count on leave to amend the complaint. In any event, if Perea believes that he can fix the deficiency with amended allegations consistent with Federal Rule of Civil Procedure 11(a), then he may file a Rule 59 motion to alter judgment and the Court will consider the motion.